# Petition for Relief From a Conviction or Sentence By a Person in State Custody

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ ________ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

   Clerk, U.S. District Court
   Northern District of Ohio
   2 South Main Street, Akron, OH 44308

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | |
|---|---|
| **United States District Court** | District: Northern District of Ohio |
| Name (under which you were convicted): DAVID ALLEN MCCONNELL | Docket or Case No.: |
| Place of Confinement : Lake Erie Correctional Institution, 501 Thompson Road, Conneaut, OH 44030 | Prisoner No.: A813-801 |
| Petitioner (include the name under which you were convicted) David Allen McConnell | v. Respondent (authorized person having custody of petitioner) Stephen Reynolds, Warden Lake Erie Correctional Institution |
| The Attorney General of the State of: Ohio | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Summit County Court of Common Pleas
209 South High Street, Akron, Ohio 44308

(b) Criminal docket or case number (if you know): CR-2023-10-3288

2. (a) Date of the judgment of conviction (if you know): 09/19/2024 (ODRC effective date; JE date unverified)

(b) Date of sentencing: 08/29/2024

3. Length of sentence: 11 to 16.5 years, mandatory minimum 11 years; concurrent terms

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
Count 2: Possession of cocaine with major drug offender specification, F1, R.C. 2925.11(A), (C)(4)(f).
Count 3: Possession of fentanyl-related compound, F3, R.C. 2925.11(A), (C)(11)(c).
Count 4: Aggravated possession of methamphetamine, F3, R.C. 2925.11(A), (C)(1)(b).
Count 2: 11 to 16.5 years; Counts 3 and 4: three years each, concurrent.

6. (a) What was your plea? (Check one)

☒ (1) Not guilty ☐ (3) Nolo contendere (no contest)

☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

Not applicable. Not guilty on all counts.

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Ohio Court of Appeals, Ninth Appellate District

(b) Docket or case number (if you know): 31240

(c) Result: Affirmed

(d) Date of result (if you know): 09/17/2025

(e) Citation to the case (if you know): State v. McConnell, 2025-Ohio-4358

(f) Grounds raised:

Assignment I: The evidence was insufficient to sustain the cocaine, fentanyl, and methamphetamine possession convictions, including the major drug offender specification.
Assignment II: The possession convictions were against the manifest weight of the evidence. The Ninth District rejected both assignments.

(g) Did you seek further review by a higher state court? ☒ Yes ☐ No

If yes, answer the following:

(1) Name of court: Supreme Court of Ohio

(2) Docket or case number (if you know): 2026-0968

(3) Result: Delayed appeal denied; cause dismissed

(4) Date of result (if you know): 09/15/2026

(5) Citation to the case (if you know): State v. McConnell, 2026-Ohio-3554

(6) Grounds raised:

Pro se notice and motion for delayed review filed 07/27/2026. McConnell alleged that appellate counsel failed to notify him of the Ninth District decision or consult about further review. The motion sought leave to appeal; no jurisdictional merits memorandum was filed.

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know): ______________________

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: ______________________

(2) Docket or case number (if you know): ______________________

(3) Date of filing (if you know): ______________________

(4) Nature of the proceeding: ______________________

(5) Grounds raised: ______________________

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result: ______________________

(8) Date of result (if you know): ______________________

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: ______________________

(2) Docket or case number (if you know): ______________________

(3) Date of filing (if you know): ______________________

(4) Nature of the proceeding: ______________________

(5) Grounds raised: ______________________

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ❒ Yes ❒ No

(2) Second petition: ❒ Yes ❒ No

(3) Third petition: ❒ Yes ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** **Fourteenth Amendment: use of post-Miranda silence and invocation of counsel.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trooper Poremba administered Miranda warnings during the roadside detention. Detective Thomas testified that McConnell stopped answering questions about the console drugs and requested an attorney. Thomas also testified that McConnell made no further statement. Trooper Poremba described a lack of cooperation. In closing, the prosecutor emphasized that McConnell did not tell officers about the concealed drugs and suggested that he had an opportunity to clear himself.

(b) If you did not exhaust your state remedies on Ground One, explain why:

This ground was not presented on direct appeal or to the Ohio Supreme Court as a separate claim. Appointed appellate counsel raised only sufficiency and manifest-weight issues. McConnell says counsel failed to communicate the 09/17/2025 decision; his delayed-appeal motion asserted that failure, but the Ohio Supreme Court denied leave. No state proceeding raising this trial claim appears in the supplied record.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:
Appointed appellate counsel omitted the claim; the existing record does not establish his reason. See also the explanation in Question 12(b), Ground One.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
Not applicable. The record reflects no state trial-court postconviction ruling or appeal on this ground.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

Delayed appeal to Supreme Court of Ohio, No. 2026-0968, filed 07/27/2026; denied 09/15/2026. It did not separately present the trial claim.

**GROUND TWO:** **Fourteenth Amendment: misleading closing argument on knowledge, possession, and complicity.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In closing, the prosecutor argued that McConnell failed to disclose the drugs despite opportunities to do so, and therefore was complicit in each drug count and quantity. The prosecutor also told jurors that access through ownership could support constructive possession, although Ohio law prohibits an inference of possession based solely on access through ownership or occupancy. McConnell disputed knowing control over drugs found in separate places: cocaine and fentanyl in the center console, and fentanyl and methamphetamine in his backpack. Trial counsel did not obtain a curative instruction directed to these comments.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

Neither the separate prosecutorial-misconduct ground nor its federal constitutional basis was presented on direct appeal. The Ohio Supreme Court denied delayed review. No separate state-court presentation of this claim appears in the record.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel argued sufficiency and weight, not federal prosecutorial misconduct. His reason for the omission is not established.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Not applicable. No state trial-court postconviction ruling or appeal concerning Ground Two appears in the supplied record.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

Delayed-appeal motion to the Ohio Supreme Court filed 07/27/2026, No. 2026-0968; denial 09/15/2026. That motion did not separately present Ground Two.

**GROUND THREE:** **Sixth and Fourteenth Amendments: ineffective assistance of trial counsel.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel did not object when the State elicited McConnell's decision to end questioning and request counsel, his lack of further statements, or testimony about noncooperation. Counsel did not object to the prosecutor's use of nondisclosure as proof of guilt or the State's statements about constructive possession. Counsel did not request a tailored curative instruction.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

The ineffective-assistance claim was not raised on direct appeal or in a state reopening or postconviction proceeding shown by the record. The delayed-appeal motion addressed appellate counsel's failure to report the decision, not trial counsel's omissions.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel did not assign this as error. The current record does not show his reason for omitting the issue.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Not applicable: no denial of a state postconviction or reopening application on Ground Three appears in the supplied record.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

Delayed Ohio Supreme Court appeal, No. 2026-0968, denied 09/15/2026; did not raise this trial-counsel claim.

**GROUND FOUR:** **Fourteenth Amendment: insufficient proof of knowing drug possession or complicity.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Police found nearly 115 g of cocaine and approximately 8 g of fentanyl in a center-console void, and fentanyl and approximately 6 g of methamphetamine in a backpack. No DNA or fingerprint testing was done; recovered phones were not analyzed. Passenger Malik Riechers had cash and bags, and tried to conceal items. McConnell admitted opening the cupholders and, in one account, placing a bag in the void as police approached, but denied advance knowledge of the drugs and denied placing drugs in his backpack. The jury acquitted him of trafficking.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

The sufficiency issue was raised and rejected in the Ninth District, but further merits review did not occur. McConnell moved for delayed Ohio Supreme Court appeal on 07/27/2026; the motion was denied 09/15/2026. The state high court never addressed the merits.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Not applicable. No state trial-court postconviction ruling on Ground Four appears in the supplied record. The claim was raised on direct appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

The Ninth District decided sufficiency in No. 31240 on 09/17/2025. The Supreme Court of Ohio denied leave for a delayed appeal in No. 2026-0968 on 09/15/2026; it did not review the merits.

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

Grounds One, Two, and Three were omitted on direct appeal. Ground Four was argued in the Ninth District, but McConnell's request for a delayed Ohio Supreme Court appeal was denied. His delayed-appeal motion centered on counsel's failure to notify him of the 09/17/2025 decision.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Grounds One through Three have not been presented as separate trial claims to a state court in the supplied record. Ground Four was presented to the Ninth District. Appellate counsel did not assert Grounds One through Three.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Not identified in supplied record.

(b) At arraignment and plea: Not identified in supplied record.

(c) At trial: Ty Graham, Esq. - 4450 Belden Village St. NW, Ste. 703, Canton, OH 44718

(d) At sentencing: Ty Graham, Esq. - same address

(e) On appeal: Brian J. Williams, Esq. - 209 S. Main St., 8th Fl., Akron, OH 44308

(f) In any post-conviction proceeding: None identified.

(g) On appeal from any ruling against you in a post-conviction proceeding: None identified.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☒ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
U.S. District Court, Northern District of West Virginia (Wheeling), No. 5:24-cr-00019-JPB-JPM-1.

(b) Give the date the other sentence was imposed: 05/06/2026

(c) Give the length of the other sentence: 30 months, consecutive to Ohio term

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The Ninth District affirmed on 09/17/2025. The 45-day period for seeking timely Ohio Supreme Court review ended Monday, 11/03/2025 (11/01/2025 fell on a Saturday). On a conservative calculation under 28 U.S.C. 2244(d)(1)(A), the one-year filing period ends 11/03/2026, absent tolling or another statutory trigger. A delayed-appeal motion was filed 07/27/2026 and denied 09/15/2026.

If the Ohio Supreme Court motion qualifies as properly filed state collateral review, section 2244(d)(2) tolls the federal period while that motion remained pending; it does not automatically restart the period. Petitioner does not rely on an additional 90-day certiorari period following denial of delayed review.

McConnell sought a delayed appeal because his appointed direct-appeal lawyer, Brian J. Williams, allegedly failed to inform him of the Ninth District's September 2025 ruling. McConnell was held in federal custody in West Virginia for a separate drug prosecution until June 2026. He states that he learned of the appellate ruling when his family obtained it from the clerk's website and forwarded it through his federal lawyer, and that he filed the delayed motion after his return to Ohio. See McConnell affidavit accompanying the July 27, 2026 delayed-appeal motion.

This petition was prepared on November 3, 2026. The actual filing date controls. Petitioner reserves an argument for any applicable statutory or equitable tolling based on the documented chronology; he does not represent that a state court has already found tolling warranted.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Issue a conditional writ setting aside the affected drug convictions and order release or retrial within a reasonable period; bar retrial on any count found constitutionally unsupported by sufficient evidence. Alternatively, if available state review remains, consider a stay and abeyance upon the required showing.

or any other relief to which petitioner may be entitled.

s/ Rhys Brendan Cartwright-Jones

Rhys B. Cartwright-Jones, Esq.

Signature of Attorney (if any)

26 Market St., No. 304
Youngstown, OH 44503
330-744-6454, tel.
216-272-1938, cell.
866-223-3897, fax
rhys44503@gmail.com

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ______________ (month, date, year).

I filed this pleading by ECF on November 3, 2026.

s/ Rhys Brendan Cartwright-Jones

Executed (signed) on 11/3/2026 (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

The petition is signed by counsel.